Chancellor Thompson.
It is clear law,, that if an attorney neglects his client’s suit, or,does any other _act which ig>-pairs interest, he is liable to ars.action.
*167 The enquiry in this case therefore is, whether the com-Tnainant has discharged his duties in the manner he ought to have done. 'At the time William Ligón, the agent of Wood-son Ligón, placed the note in his hands, Hogg was notoriously insolvent, and North was dead, and his estate ultimately proved so. It appears from the evidence that this fact was known to William Ligón, and he told Wright to do the best he could with it. Tie must have inferred from this, that his powers were •not merely confined to the bringing suit and obtaining judgment, but if he saw any other mode by which the debt could be secured, he was to exercise his discretion in the adoption of it. -He accordingly went to Hogg’s, to endeavor to make some contract or compromise which might prove beneficial to his client’s interest, and exchanged Hogg and North’s note for one of the Cooks, who were men 'in responsible circumstances. The agent himself declares he considered it an advantageous bargain, and so it would have turned out, had it not been for the ■fraud committed by Hogg; for it appears he had no interest whatever in the note, it having been placed in his hands by -Motes, the payee, for collection. Wright, as the .holder of the note for Ligon’s benefit, instituted an action in the name of Motes, who caused it to be discontinued. He then instituted an action against Hogg, recovered judgment, and issued an execution, bug has never been able to recover a cent, lie could not have sued North’s administrator for a copartnership debt, admitting liis estate to have been solvent, and the reason of his having made the exchange of the notes, was to save Ligón from the expense of an unprofitable law-suit. It appears therefore to the court, that Wright has done nothing but what was intended for and did contribute to Ligon’s benefit, and it would be* establishing a bad precedent to make an attorney responsible for a note of an insolvent person, for an unintentional departure from the strict rule, particularly when his motives were pure and intended to benefit his client.
It is .ordered and decreed that the injunction be made perpetual, and that the defendant do' pay the costs of the suit, and also the costs of the suit at law.